UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

KAILEIGH PARISH,

        Plaintiff,

v.

SAGBOLT, L.L.C.,

        Defendant.

_____

**COMPLAINT**
Civil Case No:  1:24-cv-1355 (LEK/DJS)

KAILEIGH PARISH, by and through her attorneys, D'Orazio Peterson PC, as and for her complaint against Defendant SAGBOLT, L.L.C. hereby alleges as follows:

## NATURE OF ACTION

1. This is a complaint against Plaintiff Kaileigh Parish's former employer Defendant Sagbolt, L.L.C. for discrimination on the basis of sex and pregnancy in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and as amended by the Pregnancy Discrimination Act of 1978 ("PDA") (42 U.S.C. § 2000e, et. seq.); discrimination, failure to accommodate and retaliation in violation of the Pregnant Workers Fairness Act ("PWFA") (42 U.S.C. § 2000gg, et. seq.); and discrimination on the basis of sex, including pregnancy, and failure to accommodate a pregnancy-related condition in violation of the New York State Human Rights Law (Executive Law § 290 et seq.) ("NYHRL").

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 2000e-5, 2000gg-2, and 28 U.S.C. §§ 1331 and 1367.

## PARTIES

3. Kaileigh Parish ("Plaintiff") is an individual residing in the County of Saratoga, State of New York.

1

4.      Upon information and belief, Defendant Sagbolt, L.L.C. ("Defendant") is a foreign limited liability company organized and existing under the laws of the State of Delaware and authorized to do business in the State of New York.

5.      Defendant owns and operates The Sagamore Resort in Bolton Landing, New York, where Plaintiff was employed.

6.      Upon information and belief, Defendant employs greater than twenty (20) employees and is an "employer" within the meaning of Title VII, the PWFA and the NYHRL.

**VENUE**

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this claim occurred in Warren County, New York which is located within this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8.      Plaintiff filed a timely charge with the United States Equal Employment Opportunity Commission ("EEOC") on or about October 18, 2023, alleging violations of Title VII/PDA and the PWFA. Plaintiff received a Notice of Right to Sue on September 13, 2024. This action is being commenced within 90 days of receipt of the Notice of Right to Sue.

**FACTS**

9.      Plaintiff, a woman, was employed by Defendant as the Director of Human Resources at The Sagamore Resort ("The Sagamore") from on or about February 23, 2023 through her termination on or about August 16, 2023. Prior to her termination, Plaintiff had a positive performance history and was qualified and able to perform the functions of her position.

10.     In or about June 2023, Plaintiff advised Defendant of her pregnancy.

11. In the second half of July 2023, Plaintiff began communicating with Defendant about experiencing morning sickness which was impacting her ability to work in the office due to extreme nausea. Morning sickness is a pregnancy related limitation under the PWFA and a pregnancy-related condition under the NYHRL.

12. On or about July 27, 2023, in connection with the foregoing, Plaintiff provided Defendant with a doctor's note and requested to work remotely from home on an as-needed basis.

13. Despite Plaintiff's communications and doctor's note triggering Defendant's obligation to engage in an interactive process to address and accommodate Plaintiff's pregnancy-related limitation and condition, Defendant never responded to the July 27 request.

14. During this time period, Defendant also denied Plaintiff the ability to work from home on dates on which she had a prenatal appointment and required her to take an entire day off of work.

15. Upon information and belief, Defendant has permitted other, non-pregnant and male employees to work remotely.

16. During this time period, Defendant also began performing spray painting work in the area of Plaintiff's office, causing an extreme odor.

17. Concerned about her exposure to paint fumes during her pregnancy, Plaintiff began working from a different office on the premises when the painting would occur. Defendant was on notice of this issue, instructing Plaintiff, on or about August 7, to send out an email as to the location of her temporary office.

18. Throughout this time period, despite these issues, Plaintiff completed and performed her work in a satisfactory manner, missed less than five (5) days of work, and requested to work remotely on a very limited basis.

19. During this time period, it was apparent that individuals responsible for Plaintiff's employment, including Defendant's Operations Director and Accounting Manager, both women, viewed Plaintiff's requests relating to remote work and moving her office in a negative light. For example, both made comments reflecting an antiquated view of women's need to work without accommodations despite pregnancy-related limitations, an issue which the PWFA and the NYHRL are intended to remedy.

20. On August 16, 2023, the day after Plaintiff was required to work in a different office due to paint fumes, Defendant called Plaintiff into a meeting with her General Manager, the Operations Director and the Accounting Manager.

21. During this meeting, Plaintiff was advised that she was being placed on a final corrective action notice, and told that she could submit a resignation letter in return for a separation agreement.

22. At this time, Plaintiff had never had any performance issues or write ups and had successfully completed her 90-day probationary period. Despite placing Plaintiff on a "final" corrective action notice, Plaintiff never received any initial warnings or progressive discipline whatsoever, nor was she given a copy of the alleged corrective action notice.

23. This was a departure from Defendant's policies and procedures relating to progressive discipline and performance counselling.

24. It was also a departure from usual policies and procedures for the Accounting Manager to be present at a performance counselling meeting, demonstrating that Defendant was instead intending to terminate Plaintiff's employment.

25. On August 17, 2023, Plaintiff communicated to Defendant that she intended to work from home for the day, but was again told she was required to take the day off.

26. Later that day, Defendant advised Plaintiff that it considered her to have resigned during the August 16 meeting, and terminated her employment.

27. At no point during the August 16, 2023 meeting did Plaintiff voluntarily resign her employment with Defendant.

28. To the extent that Defendant considered Plaintiff to have resigned, which she did not, this would have constituted a constructive discharge in the face of a threat of termination.

29. Upon information and belief, following Plaintiff's termination, Defendant replaced her with a non-pregnant employee, K. Stroebel.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Discrimination in Violation of Title VII and the PDA – Sex and Pregnancy)

30. Plaintiff repeats and realleges each of the preceding paragraphs as if more fully set forth herein.

31. Defendant discriminated against Plaintiff on the basis of sex and pregnancy when it, among other things, terminated her employment in close temporal proximity to her pregnancy announcement and requests for pregnancy-related accommodations; treated her differently and less favorably than employees outside of her protected class; expressed animus towards her pregnancy related needs; issued her a "final" warning relating to performance issues that had never been communicated to Plaintiff prior to her pregnancy announcement; terminated her employment in a manner that did not comply with its usual performance and disciplinary procedures; and replaced her with an employee outside of her protected class.

32. Given the foregoing, any purported nondiscriminatory reasons for Plaintiff's termination are pretext for discrimination.

33. Defendant's conduct constitutes sex and pregnancy discrimination in violation of Title VII and as amended by the PDA.

34. Defendant willfully violated Title VII and the PDA when it knew, or acted with reckless disregard of the fact, that its conduct violated the law.

35. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost benefits, compensatory damages including emotional distress and humiliation, reasonable costs and attorneys' fees and punitive damages.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Discrimination and Failure to Accommodate in Violation of the PWFA)**

36. Plaintiff repeats and realleges each of the preceding paragraphs as if more fully set forth herein.

37. At all times relevant, Plaintiff suffered from a pregnancy related limitation.

38. At all times relevant, Defendant had notice of Plaintiff's pregnancy related limitation.

39. Plaintiff's request for occasional remote work was reasonable, allowed her to perform the essential functions of her position, was of finite duration, and posed no hardship on Defendant.

40. Defendant discriminated against and failed to accommodate Plaintiff when it failed to respond to her request, failed to provide her with a formal remote work arrangement and associated resources, and failed to engage in the interactive process.

41. Defendant expressed animus with respect to Plaintiff's requests including with respect to moving away from noxious paint fumes.

42. Defendant issued Plaintiff, with no prior disciplinary or negative performance history, a "final" warning and terminated her employment for no legitimate reason.

43. By reason of the foregoing, Defendant discriminated against and failed to accommodate Plaintiff in violation of the PWFA.

44. Defendant willfully violated the PWFA when it knew, or acted with reckless disregard of the fact, that its conduct violated the law.

45. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost benefits, compensatory damages including emotional distress and humiliation, reasonable costs and attorneys' fees and punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Retaliation in Violation of the PWFA)

46. Plaintiff repeats and realleges each of the preceding paragraphs as if more fully set forth herein.

47. A request for a reasonable accommodation of a pregnancy related limitation is protected activity.

48. Defendant expressed animus towards Plaintiff's requests and pregnancy related needs.

49. Defendant terminated Plaintiff's employment in close temporal proximity to her protected activity.

50. Defendant issued Plaintiff, with no prior disciplinary or negative performance history, a "final" warning in advance of termination in close temporal proximity to her protected activity.

51. Defendant willfully violated the PWFA when it knew, or acted with reckless disregard of the fact, that its conduct violated the law.

52. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost benefits, compensatory damages including emotional distress and humiliation, reasonable costs and attorneys' fees and punitive damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Discrimination in Violation of the NYHRL – Sex and Pregnancy)

53. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein.

54. Defendant discriminated against Plaintiff on the basis of sex and pregnancy when it, among other things, terminated her employment in close temporal proximity to her pregnancy announcement and requests for pregnancy-related accommodations; treated her differently and less favorably than employees outside of her protected class; expressed animus towards her pregnancy related needs; issued her a "final" warning relating to performance issues that had never been communicated to Plaintiff prior to her pregnancy announcement; terminated her employment in a manner that did not comply with its usual performance and disciplinary procedures; and replaced her with an employee outside of her protected class.

55. Given the foregoing, any purported nondiscriminatory reasons for Plaintiff's termination are pretext for discrimination.

56. Defendant's conduct constitutes sex and pregnancy discrimination in violation of the NYHRL.

57. Defendant willfully violated the NYHRL when it knew, or acted with reckless disregard of the fact, that its conduct violated the law.

58. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost benefits, compensatory damages including emotional distress and humiliation, reasonable costs and attorneys' fees and punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Failure to Accommodate a Pregnancy-Related Condition in <u>Violation of the NYHRL</u>)

59. Plaintiff repeats and realleges each of the preceding paragraphs as if more fully set forth herein.

60. At all times relevant, Plaintiff suffered from a pregnancy related condition.

61. At all times relevant, Defendant had notice of Plaintiff's pregnancy related condition.

62. Plaintiff's request for occasional remote work was reasonable, allowed her to perform the essential functions of her position, was of finite duration, and posed no hardship on Defendant.

63. Defendant failed to accommodate Plaintiff's request when it failed to respond to same and failed to provide her with a formal remote work arrangement and associated resources.

64. Defendant expressed animus with respect to Plaintiff's requests including with respect to moving away from noxious paint fumes.

65. By reason of the foregoing, Defendant failed to accommodate Plaintiff in violation of the NYHRL.

66. Defendant willfully violated the NYHRL when it knew, or acted with reckless disregard of the fact, that its conduct violated the law.

67. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost benefits, compensatory damages including emotional distress and humiliation, reasonable costs and attorneys' fees and punitive damages.

## JURY DEMAND

68. Plaintiff hereby requests a trial by jury.

**WHEREFORE,** Plaintiff Kaileigh Parish hereby demands judgment against Defendant Sagbolt, L.L.C. as follows:

A. Declaring that Defendant's actions are in violation of Title VII and the PDA, the PWFA, and the NYHRL and enjoining Defendant from future violations thereof;

B. On the First Cause of Action, monetary damages in an amount to be determined at trial and which are commensurate with her injuries;

C. On the Second Cause of Action, monetary damages in an amount to be determined at trial and which are commensurate with her injuries;

D. On the Third Cause of Action, monetary damages in an amount to be determined at trial and which are commensurate with her injuries;

E. On the Fourth Cause of Action, monetary damages in an amount to be determined at trial and which are commensurate with her injuries;

F. On the Fifth Cause of Action, monetary damages in an amount to be determined at trial and which are commensurate with her injuries;

G. Awarding Plaintiff compensatory damages as available by law;

H. Awarding Plaintiff punitive damages as available by law;

I. Awarding Plaintiff her costs and fees incurred in protecting her legal rights, including her reasonable attorneys' fees and expenses; and

J. Together with such other and further relief as the Court deems appropriate under the circumstances and which is available pursuant to the relevant statutes or common law.

Dated: November 7, 2024
      Saratoga Springs, New York

                                        D'ORAZIO PETERSON PC

                            BY:  */s/ Giovanna A. D'Orazio*
                                  GIOVANNA A. D'ORAZIO
                                  (Bar Roll # 515574)
                                  Attorneys for Plaintiff
                                  193 Lake Avenue
                                  Saratoga Springs, New York 12866
                                  Tel. 518-308-8339
                                  gad@doraziopeterson.com